# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kole Akinola, | No. CV-17-02975-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Kris Kline, et al., | |
| Respondents. | |

This matter is before the Court on the Report and Recommendation ("R&R") issued by United States Magistrate John Z. Boyle (Doc. 19) to Respondents' Motion to Dismiss and/or Transfer Venue to the District of New Jersey. (Doc. 13). Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 31, 2017 (Doc. 1). Respondents filed their Motion to Dismiss on October 3, 2017. The R&R recommends granting the Motion to Dismiss the Petition. Petitioner has filed an Objection to the Report and Recommendation (Doc. 20). Respondents have filed a response to Petitioner's Objection (Doc. 23). Petitioner also filed a supplemental objection to the R&R (Doc. 21) and a "Traverse" to the Respondents' Response (Doc. 24). The Court will strike both of those filings as being non-compliant with the Local Rules.[1]

---

[1] Petitioner filed a sixteen-page objection and a seven-page "Supplemental Objection" containing substantially the same information that was included in his first Objection. He also filed a "Traverse" in response to the Respondents' Reply. (Doc. 24). These supplemental pleadings do no more than highlight arguments already made. Because they were filed without leave of the Court in violation of LRCiv 7.2(e)(3), these pleadings will be stricken from the record.

Petitioner, who is awaiting removal to Nigeria, asserts his detention period has been longer than what is reasonable and therefore that he is entitled a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 1). An order was issued for Petitioner to be removed from the country. Petitioner filed a Petition for Review ("PFR") of that decision in the Ninth Circuit Court of Appeals, which automatically stayed Petitioner's removal. The present Petition followed.

Respondents' Motion to Dismiss argues that the Petition is duplicative of a Petition filed by Petitioner in the District of New Jersey. (Doc. 13). Moreover, subsequent to the filing of the Motion to Dismiss, the Ninth Circuit denied the PFR and vacated the stay of Petitioner's removal. (Doc. 17-1 at 15). Based on this ruling, the R&R found that the Petitioner's arguments are moot. Additionally, the R&R found that all of the claims in the Petition are duplicative to the New Jersey Petition.[2] Accordingly, the Magistrate Judge recommends the Motion to Dismiss be granted. (Doc. 19 at 6). For reasons stated below, the Court will adopt the recommendation of the Magistrate Judge and grant Respondents' Motion to Dismiss.

## I. Background

Petitioner, a citizen of Nigeria, was convicted in state court in New Jersey on April 13, 2000, and was sentenced to a term of ten years imprisonment. (Doc. 13-1 at 1). On July 12, 2010, an immigration judge ordered Petitioner to be removed from the United States. (*Id.*) On April 27, 2011, Petitioner was arrested on federal criminal charges and was detained pending trial. (*Id.*) This detention forms the basis for the Petition. The R&R summarizes the remainder of the procedural background of the case, including his cases from the immigration court, the District of New Jersey, and the Third and Ninth Circuit Court of Appeals.[3] (Doc. 27 at 1-3). The Court therefore finds it unnecessary to

---

[2] Respondents' Motion to Dismiss was filed one-week prior to the Ninth Circuit vacating the stay of the removal order.

[3] Importantly, the R&R discusses the New Jersey District Court's decision to deny the Petitioner's original Petition in that District, stating that "were it not for Petitioner's eleventh hour motion for a stay with the Ninth Circuit, which provided him with a temporary and now vacated stay of removal, Petitioner would have been removed in

repeat the same information here. Moreover, Petitioner has not objected to the information in the background section. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection.").

**II. Analysis**

The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003)(same). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

Respondents argue, in their reply to Petitioner's objection to the R&R, that the Ninth Circuit decision to vacate his stay of removal renders Petitioner's claims moot. (Doc. 23). Respondents also move to dismiss the Petition on the ground that it is duplicative of the petition filed by Petitioner in the District of New Jersey.

**A. Petitioner's Claims are Moot**

When a stay of a removal order is lifted by the appellate court, the order of removal becomes administratively final and the statute governing the detention of a petitioner shifts from 8 U.S.C. § 1226, and is subsequently governed by 8 U.S.C. § 1231(a). *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 947 (9th Cir. 2008) ("If an alien has filed a petition for review with [the circuit] court and received a judicial stay of removal, the 'removal period' under § 1231(a) does not begin until [the] court 'denies the petition and withdraws the stay of removal.'"). Moreover, a case becomes moot when it no longer satisfies Article III standing requirements. "This case-

---

August [2017]," and would no longer be in custody. (Doc. 19 at 4).

- 3 -

or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478 (1990).

Before this Court, Petitioner asserts that he was detained pursuant to 8 U.S.C. § 1226(a). (Doc. 1 at 7). The Petition seeks habeas relief based on the stay of removal that was issued by the Ninth Circuit, arguing that his "prolonged detention in excess of six months" entitles him to a bond determination hearing. (Doc. 1 at 7). At the time the Petition was filed in this Court, the PFR and the stay of removal before the Ninth Circuit were the only pending matters justifying detention pursuant to 8 U.S.C. § 1226(a). As discussed above, the Ninth Circuit vacated the stay of removal on October 11, 2017, finding that it lacked jurisdiction over the Petition. (Doc. 17-1). When the Ninth Circuit denied the PFR and lifted the stay of the removal order, the order of removal became administratively final, and Petitioner was no longer being held pursuant to 8 U.S.C. § 1226(a), but rather 1231(a). *See Casas-Castrillon*, 535 F.3d at 94. The Court can no longer grant the relief Petitioner seeks pursuant to 8 U.S.C. § 1226(a). *See Lewis*, 494 U.S. at 477–478. Therefore, Petitioner's claims for relief based on his detention under 8 U.S.C. § 1226(a) are moot and the Court will adopt the R&R and grant Respondents' Motion to Dismiss the Petition.

### B. Petition is Duplicative

Having found that the Petition is moot, the Court need not address the issue of duplicative petitions, but will briefly discuss the issue. As an additional and independent ground for adopting the R&R, the Petition is also duplicative to the Petition filed in New Jersey.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *iStar RC Paradise Valley LLC v. Five Star Dev.*, No. CV-10-2191- PHX-GMS, 2011 WL 4852293, at *8 (D. Ariz. Oct. 13, 2011) (quoting *Barapind v. Reno,* 72 F. Supp. 2d 1132, 1145 (E.D. Cal.1999) (internal citation omitted)). Where a petitioner files more than one

suit in more than one district with similar claims, parties, and relief, "the court has discretion to abate or dismiss the second action." *Id.*; *see also Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (citing *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. 1982) (holding dismissal is proper "when a complaint involving the same parties and issues has already been filed in another district")).

The R&R found that the claims in the Petition (that Petitioner's detention has been overlong and that he is entitled to release) are substantively identical to the allegations in the New Jersey Petition (that Petitioner's "detention has become overlong and that he is therefore entitled to release from immigration detention."). (Doc. 19 at 6). In opposition to the R&R, Petitioner filed two Objections. In those objections, Petitioner asserts that 8 U.S.C. § 1226(a) governs his New Jersey case as opposed to 8 U.S.C. § 1231(a), because the Third Circuit has entered an order staying his removal based on an appeal from the District of New Jersey. Therefore, he argues that the two cases are not duplicative, as two different statutes are currently in effect. Alternatively, Petitioner argues that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), pursuant to Ninth Circuit case law. *See Rodriguez v. Robbins,* 804 F.3d 1060 (9th Cir. 2015). However, this argument is not persuasive to the Court as *Rodriquez* has been overturned by the Supreme Court. *See Jennings v. Rodriguez,* 138 S. Ct. 830, 847, 200 L. Ed. 2d 122 (2018) (holding that individuals detained under 8 U.S.C. § 1226(a) are not entitled to periodic bond hearings while detained).

The Court finds that the claims in the Petition are substantively identical to the allegations in the New Jersey Petition and therefore that the Petition before this Court is duplicative. Additionally, as explained above, Petitioner is no longer being held pursuant to 8 U.S.C. § 1226(a), and therefore his Petition seeking relief under that statute is moot. Moreover, even if Petitioner's detention were still governed by 8 U.S.C. § 1226(a), as he argues, the Supreme Court has held that detainees held pursuant to § 1226(a) are not entitled to bond hearings. *Id.*

**III. Conclusion**

For the foregoing reasons, and after conducting a *de novo* review of the Magistrate Judge's determinations, the Court agrees with the Magistrate Judge and concludes that Petitioner's grounds for relief are both moot and duplicative.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Boyles' R&R (Doc. 19) is **accepted** and **adopted**. Petitioner's Objections (Doc. 20) are overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (Doc. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents' Motion Transfer Venue to the District of New Jersey (Doc. 13) is **DENIED.**

**IT IS FURTHER ORDERED** the Motion (Doc. 18) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Supplemental Objection (Doc. 21) is hereby stricken from the record.

**IT IS FURTHER ORDERED** that Petitioner's Traverse (Doc. 24) is hereby stricken from the record.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Status Inquiry (Doc. 28) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Expedite Judgment (Doc. 28) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right.

///

///

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 22nd day of June, 2018.

_____
Honorable Diane J. Humetewa
United States District Judge