**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| K. A., | No. CV-17-02975-PHX-DJH |
|       Petitioner, | **ORDER** |
| v. | |
| Kris Kline, et al., | |
|       Respondents. | |

Pending before the Court is Petitioner's "Request for Amendment of Court's Decision" (the "Motion to Amend") (Doc. 36) and Magistrate Judge John Z. Boyle's Report and Recommendation ("R&R") (Doc. 40) recommending that the Motion to Amend be granted in part and denied in part.  Plaintiff filed a timely Objection to the R&R (Doc. 41) and Respondents filed a Reply (Doc. 42).  The Court now overrules Petitioner's objections and adopts the R&R.

## I.    Procedural Background

On August 31, 2017, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") (Doc. 1).  Respondents sought to dismiss and/or to transfer venue of the Petition to the District of New Jersey on the grounds that it was duplicative of another petition already filed by Petitioner in the District of New Jersey. (Doc. 13).   In reviewing the Petition, Magistrate Judge Boyle agreed with Respondents that the Petition was duplicative; he also found that Petitioner's claims for relief under 8 U.S.C. § 1226(a) were moot in light of the Ninth Circuit Court's decision denying

Petitioner's Petition for Review of an order of removal from the country. (Doc. 19 at 6). Magistrate Judge Boyle therefore recommended to this Court that the Motion to Dismiss be granted and the Petition be denied and dismissed with prejudice. (*Id.*) On June 22, 2018, this Court adopted Magistrate Judge Boyle's R&R and granted Respondents' Motion to Dismiss. (Doc. 29 at 6). Petitioner appealed that decision to the Ninth Circuit on June 29, 2018. (Doc. 31).[1]

On May 24, 2019, nearly a year after he filed his appeal, Petitioner filed the present Motion to Amend (Doc. 36), requesting that the Court amend Magistrate Judge Boyle's January 4, 2018 R&R (the "the January 2018 R&R") (Doc. 19) so that "Petitioner be referred to only by his initials in order to protect sensitive information therein, including Petitioner's identity." (Doc. 36 at 2). Petitioner argues that the January 2018 R&R "reveals Petitioner's identity by citing to a related case out of New Jersey in which that New Jersey District Court required that Petitioner be referred to only by his initials in order to protect sensitive information therein, including Petitioner's identity." (*Id.* at 1-2). Respondents filed a Response to the Motion to Amend (Doc. 38), arguing that Petitioner's appeal to the Ninth Circuit divested this Court of jurisdiction to rule on Petitioner's Motion to Amend, and alternatively, that the Motion to Amend was untimely. (*Id.*) Petitioner filed a Reply (Doc. 39) contesting that the relief sought in his Motion to Amend is the same as that in his appeal. Citing his lay status, he asks the Court to "accept his la[te] filings and excuse deficiencies therein." (*Id.* at 1). Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, the Court referred the Motion to Amend to Magistrate Judge Boyle for a report and recommendation. (Doc. 37).

In his R&R on the Motion to Amend, Magistrate Judge Boyle found some of

---

[1] On February 13, 2020, the Ninth Circuit suspended Petitioner's appeal until he could show cause why his September 11, 2019 release on bond had not mooted the issues raised in his appeal. Clerk Order at 1-2, *K.A. v. Kline*, No. 18-16252 (9th Cir. Feb. 13, 2020) (No. 17), citing *Calderon v. Moore*, 518 U.S. 149, 150 (1996) ("[W]hen, by virtue of an intervening event, a court of appeals cannot grant 'any effectual relief whatever' in favor of the appellant," the appeal should be dismissed as moot.). The court gave Petitioner twenty-one days to "move for voluntary dismissal of the appeal or show cause why it should not be dismissed as moot." (*Id.*) As of the date of this Order, the appellate docket does not reflect that Petitioner has filed anything in the days following this directive.

Petitioner's requests were justified, and recommended that the Court refer to Petitioner by his initials in all future filings and orders and to instruct the Clerk to edit the docket to refer to K.A. by his initials, rather than his full name, in both the case citation and list of parties. (Doc. 40 at 3, 4). He found, however, that Petitioner's request to modify previous orders of the Court was untimely without excuse, and that the name modification would not provide Petitioner with his needed relief, as this Court's Order adopting the R&R (Doc. 29) had been published on legal database websites for more than a year. Judge Boyle also found it significant that Petitioner had filed his habeas action and his Motion to Amend without seeking to restrict any access to his name or information. (*Id.* at 3).

## II. Standards

The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## III. Objections

Petitioner only objects to Judge Boyle's recommendation that the June 2018 R&R should not be modified to refer to Petitioner by his initials. (Doc. 41 at 1). Petitioner contends that it is "unfair—and not adequate remedy—to continue to permit the Magistrate Judge's January 4, 2018 decision [] to continue to reveal Petitioner's identity in the New Jersey case where his identity has been found to warrant restriction." (Doc. 41 at 2). He says that as a *pro se* immigrant detainee, he did not immediately know how to remedy the issue, and because some of his prior filings had been stricken for noncompliance with the Local Rules, he did not want a request for relief that referred to himself only by his initials to suffer the same fate. (*Id.*) In their Response to Petitioner's Objections (Doc. 42), Respondents incorporate by reference the arguments they made in their Response to the

1  Motion to Amend (Doc. 38); namely, that Petitioner's appeal to the Ninth Circuit divested
2  this Court of jurisdiction to rule on Petitioner's Motion to Amend, and that the Motion to
3  Amend should be denied as untimely. (Doc. 42 at 2).

**IV.  Discussion**

**A.  Jurisdiction**

The Court will first address Respondents' argument that this Court has been
divested of jurisdiction due to Petitioner's pending appeal. (Doc. 42 at 2).

Respondents argue that this Court lacks jurisdiction to resolve Petitioner's Motion
to Amend because Petitioner's Informal Brief to the Ninth Circuit Court of Appeals asks,
among other things, that the Ninth Circuit "'seal, redact, or otherwise restrict from public
access, all references and accessibility to the sensitive information in [Petitioner's] New
Jersey case, including title and citations thereto…'" (Doc. 38 at 2 quoting Appellant's
Informal Brief at 22, *K.A. v. Kline*, No. 18-16252 (9th Cir. Jan. 10, 2019) (No. 7)).  In
response, Petitioner states that his request for this Court to amend Magistrate Judge Boyle's
R&R "is <u>not the same</u> as the relief he seeks in the Ninth Circuit."  (Doc. 39 at 1).

Generally, when a district court's order is appealed, the district court is divested of
jurisdiction over the matters being appealed. *Natural Resource Defense Council, Inc.
("NRDC") v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001); *Matter of
Thorp*, 655 F.2d 997, 998 (9th Cir. 1981) ("When a proper notice of appeal has been timely
filed, the general rule is that jurisdiction over any matters involved in the appeal is
immediately transferred from the district court to the court of appeals.").  As the Supreme
Court has explained, "it is generally understood that a federal district court and a federal
court of appeals should not attempt to assert jurisdiction over a case simultaneously."
*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  This rule promotes
judicial economy and presents the court of appeals with a "fixed, rather than a mobile,
record." *NRDC*, 242 F.3d at 1166; *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d
730, 734 (9th Cir. 1988).  Indeed, "[w]hile this rule is not a creature of statute and is not
absolute in character, it is judge-made doctrine designed to avoid the confusion and waste

of time that might flow from putting the same issues before two courts at the same time." *Thorp*, 655 F.2d at 998. Under this rule, a district court "may not finally adjudicate substantial rights directly involved in the appeal." *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000) (citing *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734-35 (9th Cir. 1982)).

The Court entered its Order adopting the January 2018 R&R on June 22, 2018. (Doc. 29). Plaintiff filed his notice of appeal of that Order on June 29, 2018. (Doc. 31). In his Notice of Appeal, Petitioner states that he is appealing "the Orders entered by the District Court in this matter on June 22, 2018, which *inter alia*, denied relief Petitioner requested in his Petition for Writ of Habeas Corpus, granted Respondent's Motion to Dismiss, struck Petitioner's submissions from the record, and ordered that a Certificate of Appealability would not issue." (Doc. 31 at 1; *see also* Appellant's Informal Brief at 3 (stating that his issues on appeal were the Court's err "in denying my petition, striking my supplemental filings from the record, finding my claims to be moot, and in deeming my claims to be duplicative of those raised in the District of New Jersey")).

Unlike the Notice of Appeal, Petitioner's Motion to Amend does not ask for substantive modifications of Magistrate Judge Boyle's January 2018 R&R. (Doc. 36). The Motion to Amend asks the Court to modify the January 2018 R&R so that "Petitioner be referred to only by his initials…" (Doc. 36 at 2). The Court finds that a ruling on Petitioner's Motion to Amend would not affect the "substantial rights directly involved in the appeal." *In re Padilla*, 222 F.3d at 1190. Whether Petitioner is referred to by his name or his initials in the January 2018 R&R or subsequent filings will not impact the final adjudication of whether Petitioner's Petition for Writ of Habeas Corpus was correctly dismissed. The Court thus finds it retains jurisdiction to rule on the limited request in Petitioner's Motion to Amend.

## B.     Timeliness

The Court will now turn to the timeliness of Petitioner's request. As noted above, on June 29, 2018, Petitioner appealed the Court's Order that adopted the January 2018

R&R and dismissed his Petition. (Doc. 31). He did not file his Motion to Amend until May 24, 2019, or nearly a year after his Notice of Appeal. (Doc. 36). Petitioner does not state what Federal Rule he is moving under, but Respondents argue that the Motion to Amend is untimely under both Federal Rule of Civil Procedure 59(e) and 60(a). (Doc. 38 at 2). Petitioner asks that his *pro se* status excuse any lateness.

The Court rejects Respondents' contention that the Motion to Amend is tardy because it is filed under Rule 59(e) or 60(a). Because Petitioner's Motion to Amend was filed after the Court entered final judgment in this action, the Court will construe the Motion to Amend as a motion for relief from an order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[2] The Court specifically finds that Petitioner's Motion to Amend can be construed as relief sought under Rule 60(b)(6), or for "any other reason that justifies relief." Such a motion must be made with a "reasonable time" after judgment is entered. Fed. R. Civ. P. 60(c).

Respondents do not specifically address the reasonableness of the timing of Petitioner's Motion to Amend under 60(b)(6). However, Magistrate Judge Boyle noted that "Petitioner seeks to redact documents that were issued more than 18 months ago (doc. 19), and provides no explanation for his delay in making his request." (Doc. 40 at 3). For the first time in his Objection, Petitioner claims that while he was in custody, he was unaware "that the 2018 R&R would be published and disseminated via the internet even though it is not a final decision in the proceeding, that his identify in the New Jersey matters was revealed thereby, that he was able to correct same, that he had a limited amount of time to seek such remedy, and that he should have filed the application for such remedy under seal." (Doc. 41 at 3-4). He states that upon making the discovery that the R&R containing his full name was publicly available, he "acted with reasonable diligence" in filing his Motion to Amend. (*Id.* at 4).

The Court is not persuaded by these arguments. Petitioner has made similar requests

---

[2] Rule 60(b) permits the Court to relieve a party "from a final judgment, order, or proceeding" for any of the reasons enumerated under that section, including mistake, newly discovered evidence, fraud, the judgment is void, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

to seal and redact to the New Jersey district courts, *see K.A. v. Green*, 2017 WL 5513685 (D.N.J. Nov. 16, 2017) & *K.A. v. Green*, 2018 WL 3742631 (D.N.J. Aug. 7, 2018), as well as to the Third Circuit. All of these requests were made months, and sometimes years, before Petitioner's May 24, 2019 Motion to Amend and suggest that Petitioner is well-versed in proactively seeking measures that restrict the public's access to otherwise public information. Moreover, the Court also finds that Petitioner was on notice that the Magistrate Judge and this Court were likely to reference his New Jersey habeas proceedings in their orders, given the Respondents' arguments made in their "Motion to Dismiss And/Or To Transfer Venue to the District of New Jersey" (Doc. 13), which was filed on October 3, 2017. For reasons he has failed to explain, however, Petitioner did not move to restrict the use of his name to his initials at that time, or at any reasonable time thereafter. The Court therefore overrules Petitioner's objection to Magistrate Judge Boyle's finding that the request is untimely without excuse.

### C. No Compelling Reason to Redact the June 2018 R&R

The Court also agrees that Petitioner has not offered a compelling reason to redact the June 2018 R&R and overrules Petitioner's objection on this ground. As Magistrate Judge Boyle stated in his R&R, a party seeking to seal or restrict access to a judicial record generally must demonstrate a "compelling reason" for a court to do so. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Petitioner seeks redaction of his name in the June 2018 R&R because the R&R references his New Jersey habeas proceedings, and those proceedings, in turn, reference motions to reopen before the Board of Immigration Appeals ("BIA") that contain sensitive information which could expose Petitioner to danger upon his removal from the United States. The Court finds that this threat is too attenuated to justify modifying the June 2018 R&R. First, and as noted by at least one New Jersey district court addressing these concerns, Petitioner's habeas proceedings are already subject to access restrictions that limit the general public's access to docketed filings in that case. *See K.A. v. Green*, 218 WL 3742631, *2 (D.N.J. Aug. 7, 2018) ("In light of the fact that Petitioner's immigration habeas proceedings are already

subject to access restrictions, and given the fact that Petitioner chose not to file his motion to seal until this matter was fully briefed and only filed his motion after he had himself supplied numerous documents to the Court identifying himself, this Court finds that directing all parties to refer to Petitioner by his initials is sufficient to address Petitioner's privacy concerns, and that the sealing of all the record documents in this matter is not warranted."). In light of the access restrictions already in place in his New Jersey proceeding, it is unclear to this Court how a citation to a New Jersey case in the June 2018 R&R will necessary reveal the sensitive information before the BIA that is referenced in the New Jersey case. This is particularly so given that Magistrate Judge Boyle has recommended that the case citation in this matter be redacted to reflect only Petitioner's initials.

Moreover, the R&R persuasively notes that Petitioner's redaction request will not in fact provide him with the relief he seeks:

> The fact is that the Court's R&R (doc. 19), and the District Court's order adopting that R&R (doc. 29), have been published on legal database websites for more than a year. To the extent Petitioner argues that he is jeopardized because his full name can lead individuals to his New Jersey action (doc. 36 at 4), Petitioner's argument is not persuasive. Petitioner filed his habeas action in this Court without seeking any restriction of access to his name. (Doc. 1). Even the current pending motion—in which Petitioner discloses his full name three times on the final page alone—was not filed under seal. (Doc. 36 at 5). In sum, Petitioner fails to provide compelling reasons for the Court to seal or restrict access to the judicial record in this case.

(Doc. 40 at 3). Petitioner objects that the timing of his Motion to Amend undermines the need to redact his name. He argues that "at the time of his filing of the Arizona habeas petition which challenged only his detention, there was no issue concerning exposure of the contents of Petitioner's motion to reopen before the BIA." (Doc. 41 at 5). According to Petitioner, he "sought to restrict access to the information in his New Jersey matters only *after* the Government had included into the record in those cases sensitive information related to his asylum applications." (*Id.* at 3). But as noted in this Court's discussion regarding the timeliness of his request, even if the privacy issue was not ripe when

Petitioner filed his Arizona habeas petition, it certainly was by the time Petitioner received Respondents' Motion to Dismiss in October of 2017. Only a month later, the New Jersey district court ruled on Petitioner's motion to seal and redact; the court's order also references a similar request Petitioner had previously made to the Third Circuit Court of Appeals. *See K.A. v. Green*, CV-17-3542 (JLL) 2017 WL 5513685, *2 (D.N.J. Nov. 16, 2017) (referencing the Third Circuit Court of Appeals order that had been docketed in that case). Petitioner does not explain why, despite being notified of Respondents' intention to reference his New Jersey habeas proceedings as early as October 3, 2017, he did not similarly seek to then protect his privacy concerns with this Court. As the record shows, he made no effort to conceal his identity in this matter until May 24, 2019.[3] This lack of diligence undermines Petitioner's said need to redact otherwise publicly available information. Accordingly, the Court overrules Petitioner's objection to the R&R's recommendation that Petitioner's name should not be redacted in the June 2018 R&R. Petitioner has simply failed to offer a compelling reason to do so.

In accordance with the above,

**IT IS ORDERED** that Petitioner's Motion to Amend (Doc. 36) is **DENIED.** Magistrate Judge Boyle's R&R (Doc. 40) is **ACCEPTED** and **ADOPTED** by this Order, and Petitioner's Objection (Doc. 41) is overruled.

Dated this 9th day of March, 2020.

Honorable Diane J. Humetewa
United States District Judge

---

[3] The Court notes that even Petitioner's Objection to Magistrate Boyle's R&R on his Motion to Amend references his full name. (Doc. 41 at 6).